In re Rosalyn BAKER, Debtor.

Rosalyn Baker, Movant,

v.

Kas Enterprises, Respondent.

Bankruptcy No. 99–47014–172.

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

March 9, 2000.

Ross H. Briggs, The Briggs Law Center, St. Louis, MO, for debtor.

Randall Gusdorf, Clayton, MO, for Kas Enterprises.

John V. LaBarge, Jr., St. Louis, MO, Chapter 7 Trustee.

### ORDER

JAMES J. BARTA, Bankruptcy Judge.

The matter before the Court is the "First Amended Motion to Avoid Transfer and Judicial Lien" (Motion No. 9) filed by Rosalyn Baker ("Debtor"). The Debtor has asked the Court to avoid the prepetition judicial lien of Kas Enterprises ("Respondent"); to avoid a prepetition transfer of wages under 11 U.S.C. § 522(f) and (h); and to order the recovery and turnover of the prepetition wages in the amount of $697.90 that had been withheld under a writ of garnishment during the ninety day period prior to the commencement of the case. The Debtor's request for turnover is based on 11 U.S.C. § 522(i).

The first hearing in this matter was held on August 11, 1999 and was continued. After the second hearing, the Debtor was granted leave to amend her motion. The Parties were also granted additional time to file written memoranda of law. This Order is being entered after the Court determined that this appears to be the first instance in this District were these specific issues have been briefed and submitted to the Court. The determinations here are entered after a consideration of the record as a whole.

This is a core proceeding pursuant to Section 157(b)(2)(E), (F) and (K) of Title 28 of the United States Code. The Court has jurisdiction over the parties and this matter pursuant to 28 U.S.C. §§ 151, 157 and 1334, and Rule 9.01 of the Local Rules of the United States District Court for the Eastern District of Missouri.

The Respondent obtained a default judgment against the Debtor and a consent judgment against a non-debtor party in the Circuit Court for the State of Missouri on November 13, 1996 in the amount of $6,965.04. The matter before the Bankruptcy Court involves a writ of execution and summons of garnishment served on the Debtor's employer on March 3, 1999. Pursuant to this writ, the employer withheld certain amounts from the Debtor's wages and paid these amounts into the State Circuit Court. On March 30, 1999, two Circuit Court Garnishment Vouchers in the amount of $125.64 each, were paid to the Respondent's representatives. The Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on June 29, 1999. The Parties have disagreed as to whether the transfers made on March 30, 1999 were made inside or out-

side the ninety day preference period of 11 U.S.C. § 547.

A subsequent writ of execution in connection with the Respondent's judgment was entered in the State Circuit Court, and a summons of garnishment was served on the Debtor's employer on June 7, 1999. The Respondent maintained that, based on the State Court records, during the ninety day period of presumed insolvency established by 11 U.S.C. § 547(f), the Debtor's employer garnished and paid over wages in the amount of $436.62. However, neither the State Court records attached to the Respondent's memorandum, nor any other record admitted in this matter, reflects when these wages were *earned* by the Debtor. The wages withheld in the amount of $436.62 is in addition to the amounts of the Garnishment Vouchers paid on March 30, 1999.

On Schedule "C" of her Bankruptcy Schedules, the Debtor claimed an exemption in the amount of $764.00 under R.S.Mo. 513.430(3) and 513.440. The Debtor described the property claimed as exempt as, "Preference to Kass (sic) Finance". No party in interest objected to the claim of exemption, and under 11 U.S.C. § 522(*l*), the claim of exemption was allowed. The record reflects that for consideration of 11 U.S.C. § 522(h)(2), the Chapter 7 Trustee did not attempt to avoid any of the transfers associated with the garnishment proceedings.

*Lien Avoidance*

■ Under Rule 4003(d), Federal Rules of Bankruptcy Procedure ("FRBP"), a debtor may prosecute a request to avoid the fixing of a judicial lien, or to avoid a nonpossessory, nonpurchase-money security interest in certain types of personal property by motion in accordance with Rule 9013, FRBP. The ability to avoid a judicial lien is intended to provide to debtors full access to the exemptions allowed by Congress.

Therefore, under Section 522(f)(1)(A), a debtor may avoid the fixing of a judicial lien on property in which the debtor holds an interest to the extent that the lien impairs an exemption. If a debtor's interest has been transferred to another entity, and then recovered by the trustee, under Section 522(g) a debtor may claim an exemption in the recovered property, if the debtor could have exempted the property but for the transfer. Thereafter a debtor may avoid a judicial lien on the recovered, exempt property to the extent that the lien impairs the exemption.

If a debtor's interest has been transferred to another entity, and the trustee does not act to avoid the transfer, a debtor may avoid the transfer under Section 522(h), to the extent that the debtor could have exempted the property, and if the transfer is avoidable by the trustee. A debtor may then recover and exempt the property under Section 522(i), the same as if the trustee had avoided the transfer. Thereafter, a debtor may avoid a judicial lien on the recovered, exempt property to the extent that the lien impairs the exemption.

■ Following the ruling of the Eighth Circuit Bankruptcy Appellate Panel in *In re Wade (Wade v. Midwest Acceptance Corporation)*, 219 B.R. 815 (8th Cir. BAP 1998), "a garnishment of wages earned within the ninety day preference period is avoidable by the Debtor, but .... a garnishment of wages earned outside that ninety day time frame is not." *Wade*, 219 B.R. at 823.

■ In most instances involving the prepetition garnishment of wages, when the judicial lien has been avoided, a debtor will attempt to avoid the transfer of wages as a preference under Section 547(b), and attempt to recover the property under Section 550. A debtor's request to avoid a transfer and recover money or property must be prosecuted by an Adversary Proceeding. Rule 7001, FRBP.[1]

1. Experience has shown that whether for lo-   gistical or economic reasons, many creditors

*Avoidance of the Transfer and Recovery of Property*

■ In the matter being considered here, the Debtor has filed a motion requesting that, under 11 U.S.C. § 522(h), the Court avoid the transfer of certain payment vouchers that were issued on March 30, 1999. The Debtor has not claimed any interest in the vouchers other than the interest that would result from avoidance of the transfer. In these circumstances, if the request to avoid the transfers were to be presented in an Adversary Proceeding under Section 547(b), the Debtor would not prevail. The payment vouchers issued on March 30, 1999 (outside the ninety day preference period) in the amount of $251.28 represented wages earned by the Debtor. Consistent with the *Wade* decision, *supra*, the transfer date under Section 547(b) is the date on which the wages were earned by the Debtor and not the date of the payment to the Respondent. The Respondent is not an insider of the Debtor. Under Section 547(b), the Debtor cannot set aside the transfer of wages earned outside the ninety day period. She has not suggested any other theory by which she might claim an interest in the wages earned outside the ninety day period.

■ The Debtor also sought to recover the wages withheld during the ninety day period preceding the commencement of the case, by first asking the Court to avoid the judicial lien of the garnishment. Under 11 U.S.C. § 522(f), the Debtor may avoid the fixing of the lien on an interest of the Debtor to the extent the lien impairs an exemption. The Debtor may establish an interest in the wages earned during the ninety day period before bankruptcy by commencing an Adversary Proceeding to avoid the transfers as a preference under Section 11 U.S.C. § 547(b).

■ Section 522(h), allows a debtor to avoid prepetition preferential transfers for the benefit of the debtor to the extent the debtor could have exempted the property under Section 522(g) if the trustee had avoided the transfer, if the transfer was avoidable by the trustee and if the trustee has not sought such avoidance. See *Wade,* 219 B.R. at 819. In the matter being considered here, the Debtor has claimed an exemption in all wages transferred under the garnishment; no party filed an objection to the claim of exemption; and the Trustee did not pursue the avoidance of the transfers. Therefore, the Debtor has standing to prosecute actions to avoid and recover the transfers. However, under Section 547(c)(8), a trustee may not avoid a transfer if the aggregate value of all property that constitutes or is affected by the transfer is less than $600.00. In the matter being considered here, the amount of wages earned during the ninety day period has not been shown to be $600.00 or more. These transfers are therefore not avoidable by the Trustee under Section 547 or recoverable by the Trustee under Section 553. 11 U.S.C. § 522(h)(1). As the Debtor's power in this circumstance is not greater than that of the Trustee, the Debtor would not prevail against the Respondent in an Adversary Proceeding under Section 547(b).

On the document styled, "Motion to Avoid Transfer Under 11 U.S.C. § 522(h)", the Debtor included a "Notice of Hearing of Motion to Avoid Lien". At the hearing on these matters, the Debtor argued that she should be permitted to avoid the judicial lien on the amounts paid over to the Respondent or garnished and held for the Respondent for the period between March 30, 1999 through June 29, 1999. To clarify the record and to narrow the issues before the Court, the Debtor filed a "First Amended Motion to Avoid Transfer and Judicial Lien" (Motion 9), specifically cit-

do not oppose a consumer debtor's request for a turnover of wages even though it is prosecuted by motion and not by an Adversary Proceeding. Usually, the debtor pro-

vides adequate supporting documentation and in many situations, the creditor has determined that it has no defense to a preference action.

ing Sections 522(f) and 522(h) as her authority for avoidance and recovery of wages in the amount of $697.90.

It was the Respondent's argument that the $251.28 paid over on March 30, 1999 is not subject to lien avoidance under Section 522(f) because at the time of the bankruptcy filing the Debtor had no interest in the funds. The Respondent also argued that the transfer of this amount is not avoidable under Section 522(h) because the trustee would not have been able to avoid these transfers under Section 547(b) and (c) since these transfers were outside the ninety day preference period and were for less than $600.00.

*Transfer*

Under the Bankruptcy Code, a transfer is made at the time the transfer takes effect between the parties if the transfer is perfected at or within ten days after such time, or upon perfection, if the transfer is perfected after such ten days. *See* 11 U.S.C. § 547(e)(2)(A) and (B). However, for purposes of a preference analysis, a transfer is not made "until the debtor has acquired rights in the property transferred." 11 U.S.C. § 547(e)(3).

■ Under Missouri garnishment law, the service of the garnishment summons and writ creates a lien in the garnishor's favor which attaches to wages owing on the date of service and any which accrue thereafter until the return or answer date. *Wade,* 219 B.R. at 820 (citations omitted). On consideration of Missouri's garnishment law in conjunction with Section 547(e)(3) of Title 11, the transfer of a debtor's interest in wages occurs when the wages are earned. *Wade,* 219 B.R. at 821. Although the garnishment vouchers in this matter were issued on March 30, 1999, the Court finds and concludes that the transfer of the Debtor's interest in those wages occurred no later than March 18, 1999 when the garnishee paid over to the Clerk of the Court the last garnishment payment prior to the ninety day preference period. *See* Exhibit to File Document No. 7, Case Minutes. The Debtor cannot avoid the transfers made outside the ninety day period under Section 547(b). In the absence of any other Debtor interest in these wages, the Debtor cannot avoid the judicial lien on these funds under Section 522(f)(1) because at the commencement of the case, she had no interest in the wages to which the judicial lien had attached.

The Parties have not argued any other basis on which the Debtor may avoid the transfers, acquire an interest in the wages, or exempt and recover the property.

**IT IS ORDERED** that this matter is concluded; and that the Debtor's motion to avoid the transfer of the Garnishment Vouchers issued on March 30, 1999 in the amount of $251.28 under Sections 547 is **DENIED,** because such a request requires prosecution of an Adversary Complaint, and because the vouchers represented wages earned more than ninety days prior to the commencement of the Bankruptcy case; and

That the Debtor's motion under Section 522 to avoid the judicial lien on the wages represented by the Garnishment Vouchers is **DENIED,** because the Debtor has not established a Debtor's interest in the property; and

That the Debtor's motion to recover the transfer of the Garnishment Vouchers is **DENIED** because the Debtor has not established a Debtor's interest in the property, and because such a request requires prosecution of an Adversary Complaint.

**IT IS FURTHER ORDERED** that the Debtor's Motion to avoid the transfer of wages earned and garnished after March 30, 1999 is **DENIED,** because the aggregate value of the property is less than $600.00, and because such a request requires prosecution of an Adversary Complaint; and

That the Debtor's motion to avoid the judicial lien on wages earned and garnished during the ninety days prior to the commencement of this case is **DENIED**

because the Debtor has not established a Debtor's interest in the property; and

That the Debtor's motion to recover wages in the amount of $436.62 that were earned and garnished during the ninety day period prior to the commencement of this case is **DENIED,** because the Debtor has not established a Debtor's interest in said property, and because such a request requires prosecution of an Adversary Complaint; and that all other requests in this matter are denied.